IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Case No: 4:96-cr-00601-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| Perry Peterkin, | |
| Defendant. | |

## I. Introduction

The defendant, Perry Peterkin (the "defendant"), is currently serving a one hundred-thirty eight month sentence imposed by this Court on February 20, 1997, after pleading guilty pursuant to the terms of a written plea agreement to car jacking, in violation of 18 U.S.C. § 2119, and to the illegal use of a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c)(1).[1] (Am. J. 1, ECF No. 14). The defendant, proceeding pro se, has filed a motion requesting that the Court issue a belated statement directing the Federal Bureau of Prisons ("BOP") to designate, nunc pro tunc, the South Carolina Department of Corrections as the defendant's place of imprisonment.[2] (Mot. for Statement, ECF No. 18). The defendant contends that Barden v. Keohane, 921 F.2d 476, 484 (3rd Cir. 1990), permits this Court to do so, thereby allowing the defendant to "serve in state custody . . . the remainder of his federal sentence." (Mot. for Statement 3).

---

[1] At the time that the defendant's federal sentence of imprisonment was imposed by this Court, the defendant also had pending state charges for petty larceny, second degree burglary, and grand larceny, for which he had been arrested by the Marlboro County Sheriff's Department on April 3, 1996. (Presentence Investigation Report 9).

[2] The defendant is presently incarcerated at Beckley FCI, which is located in Beaver, West Virginia.

## II. Discussion

When a defendant receives a sentence of imprisonment at a federal facility, the BOP is statutorily authorized to designate the place of confinement. 18 U.S.C. § 3621(b). "A federal sentence does not commence until the Attorney General receives the defendant into . . . custody for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998) (citing 18 U.S.C. § 3585(a)). Under certain circumstances, a sentence may commence prior to the date that the defendant is taken into custody by federal authorities. Barden, 921 F.2d at 480. For example, a prisoner may seek a nunc pro tunc designation from the BOP to designate the state facility in which a prisoner served a prior sentence as the place of federal custody. Id. As a result of this designation, the time that the inmate served in state custody is credited against the time on the inmate's federal sentence, effectively causing the state and federal sentences to run concurrently. Trowell v. Beeler, 135 F. App'x 590, 595 (4th Cir. 2005) (per curiam).

Although the BOP is required to consider the inmate's request for a nunc pro tunc designation, it is not compelled to grant it. Barden, 921 F.2d at 478. If the BOP determines that the designation request may be appropriate, it must write to the sentencing court in order to determine whether the court objects to the proposed designation. Brown v. Zych, Civil Action No. 7:11-cv-00605, 2012 WL 5386339, at *1 (W.D. Va. Nov. 1, 2012). If the sentencing judge expresses no objection to the sentences being designated to run concurrently, then the BOP may grant the request for the nunc pro tunc designation. Id. at *1-2; BOP Program Statement 5160.05 at 6 (Jan. 16, 2003).

In the present case, the Court understands the defendant's "Request for Belated Statement" to be a request for a statement from this Court as to whether it has any objections to having the defendant's time that had been served in state custody credited toward his federal



Page 2 of 4

sentence of one hundred and thirty-eight months. (Mot. for Statement 2). However, as a threshold issue, it is unclear whether the defendant has exhausted his administrative remedies by first seeking such a nunc pro tunc designation from the BOP before petitioning for relief from the Court. See United States v. Mercado, 37 F. App'x 698, 699 (4th Cir. 2002) (per curiam) (holding that a prisoner seeking a nunc pro tunc designation for credit against his sentence for time spent in custody must first exhaust his administrative remedies with the BOP); Hardin v. United States, C/A No. 7:12-cv-01818-GRA, Cr. No. 7:00-cr-00314-GRA-2, 2012 WL 3945314, at *2 (D.S.C. Sept. 10, 2012) (finding that an inmate had failed to exhaust his administrative remedies before seeking relief from the court because the inmate had failed to request a nunc pro tunc designation from the BOP).

Although the defendant asserts in his motion that the BOP "sought a statement from defendant Peterkin's federal sentencing judge as to whether BOP should grant [a] nunc pro tunc designation" to the defendant (Mot. for Statement 2), the Court is not aware of any such request from the BOP and has no record of ever having received one. In the absence of any record of such a request from the BOP, the Court must conclude that the defendant has failed to exhaust his administrative remedies prior to seeking redress from the Court.

The defendant's reliance on Barden, in which the federal prisoner making the request had "without success . . . exhausted the means he ha[d] available to get the Bureau [of Prisons] to even consider his plight," is therefore misplaced. Barden, 921 F.2d at 479. The prisoner in Barden was able to successfully turn to the federal court for relief because he turned to it only as a means of last resort, after the BOP had refused to consider his request for a nunc pro tunc designation. Id. In the present case, the defendant's unsupported assertion that he had sought a

statement from the BOP is insufficient to show that he has "exhausted the means . . . available," in order to permit him to petition the Court for relief. (Id.; see also Mot. for Statement 2-3).

## III. Conclusion

As the defendant has failed to carry his burden to show he exhausted his administrative remedies prior to petitioning the Court, the Court lacks the jurisdiction to entertain the defendant's request. To the extent that the defendant invites this Court to contact the BOP regarding the defendant's request for a nunc pro tunc designation to state prison, the Court declines to do so. Accordingly, the defendant's "Request for Belated Statement from Sentencing Judge as to Whether FBOP Should Designate Defendant to State Department of Corrections" (ECF No. 18) is denied.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 16, 2016
Charleston, South Carolina